UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 16-50206 |
| | ) | Chapter 7 |
| TUCKER DON PANKOWSKI | ) | |
| SSN/ITIN xxx-xx-3166 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| LEE ANN PIERCE, | ) | Adv. No. 24-5003 |
| CHAPTER 7 TRUSTEE | ) | |
| | ) | |
| Plaintiff, | ) | DECISION RE: PLAINTIFF'S |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| -vs- | ) | AND DEFENDANT'S MOTION |
| | ) | FOR SUMMARY JUDGMENT |
| NIELSEN ENTERPRISES LLC | ) | |
| | ) | |
| Defendant. | ) | |

The two matters before the Court are (1) Plaintiff Trustee Lee Ann Pierce's[1] Motion for Summary Judgment and Defendant Nielsen Enterprises LLC's objection thereto, and (2) Defendant's Motion for Summary Judgment and Trustee Pierce's responses thereto. The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §1334 and 28 U.S.C. §157(a). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The Court enters these findings and conclusions pursuant to Fed.R.Bankr.P. 7052. For the reasons discussed below, the Court will deny Plaintiff's Motion for Summary Judgment and will grant Defendant's Motion for Summary Judgment.

**FACTS**

On July 25, 2016, Debtor Tucker Don Pankowski ("Pankowski") filed a

---

[1] Forrest C. Allred was initially appointed the chapter 7 case trustee and served as such until the closing of the case on June 22, 2020. When the case was reopened on August 25, 2023, the United States Trustee appointed Lee Ann Pierce as the successor trustee (collectively "the Trustee" or "the Trustees").

1

chapter 13 bankruptcy.[2]   Pankowski voluntarily converted his case to a chapter 7 on September 1, 2016.   Pankowski's initial bankruptcy schedules did not disclose the real estate legally described as:

> Lot 2 of Tract 3 of Hendrickson Subdivision of H.E.S. #67, Section 5, Township 4 South, Range 4 East of Black Hills Meridian, Custer County, South Dakota, as shown on Plat thereof filed at Book 12 of Plats, Page 593 (DOE #15055),

("Lot 2").   Pankowski filed an amended Schedule A/B on October 13, 2016, listing Lot 2 and valuing his interest in it at $1,000.00.   Pankowski did not file an amended Schedule C to claim Lot 2 exempt.

On September 14, 2018, a Notice of Contract for Sale of Lot 2 between Pankowski and Nielsen Enterprises LLC was recorded with the Custer County Register of Deeds in Book 46 of Misc., Page 844.   On June 22, 2021, a Warranty Deed regarding Lot 2, along with a Contract for Deed Fulfilment Statement, executed by Pankowski to Nielsen Enterprises LLC, were recorded with the Custer County Register of Deeds in Book 55 of Deed, Page 851.   Nielsen Enterprises LLC had no knowledge of Pankowski's bankruptcy filing or that Lot 2 was an asset of the bankruptcy estate until around September of 2023, when Trustee Forrest C. Allred ("Trustee Allred") sent a letter to Nielsen Enterprises LLC pursuing Lot 2.

On February 27, 2020, Trustee Allred filed a final report disclosing Lot 2, assigning it an estimated net value of $0.00, and stating it was fully administered. Pankowski's bankruptcy case was closed on June 22, 2020.   The United States Trustee filed a Motion to Reopen on August 24, 2023, stating that an asset was not listed in Pankowski's bankruptcy and may have been fraudulently transferred.   On August 25, 2023, the Court reopened Pankowski's bankruptcy case.

On March 15, 2024, Trustee Lee Ann Pierce ("Trustee Pierce") filed this adversary proceeding against Nielsen Enterprises LLC seeking to avoid the transfer

---

[2] Bankr. No. 16-50206.

of Lot 2 pursuant to 11 U.S.C. §549.  Nielsen Enterprises LLC filed an answer to Trustee Pierce's complaint on April 15, 2024, asserting its statute of limitations affirmative defense.  Trustee Pierce later filed an amended complaint on May 3, 2024, to which Nielsen Enterprises LLC filed an answer on May 10, 2024.  Trustee Pierce filed her summary judgment motion on July 16, 2024, asking the Court to dismiss Nielsen Enterprises LLC's affirmative defense because the statute of limitations is equitably tolled, and Nielsen Enterprises LLC filed an objection on August 9, 2024.  Nielsen Enterprises LLC filed its own summary judgment motion on July 24, 2024, asking the Court to dismiss Trustee Pierce's action because the statute of limitations on the claim has run and the claim is time-barred, and Trustee Pierce filed a response on July 29, 2024, and a late second response on August 14, 2024.

## DISCUSSION

### I.  Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(a); McManemy v. Tierney, 970 F.3d 1034, 1037 (8th Cir. 2020).  The Court considers the pleadings, discovery, and any affidavits when reviewing for summary judgment. Wood v. SatCom Mktg., LLC, 705 F.3d 823, 828 (8th Cir. 2013).  The Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Tolan v. Cotton, 572 U.S. 650, 656 (2014) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).  In addition, the matters must be viewed in the light most favorable to the party opposing the motion. F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997); Amerinet, Inc. v. Xerox Corp., 972 F.2d 1483, 1490 (8th Cir. 1992) (quoting therein Matsushita Elec. Industrial Co. v. Zenith Radio, 475 U.S. 574, 587-88 (1986), and citations therein).

When filing a summary judgment motion, the movant has the burden to show the parts of the record that demonstrate the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Gibson v. Am. Greetings Corp., 670 F.3d 844, 853 (8th Cir. 2012).   The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he points to the part of the record that bears out his assertion. Handeen v. LeMaire, 112 F.3d 1339, 1346 (8th Cir. 1997).   Once the movant has met his burden, then the burden shifts to the non-movant. Id.   The non-moving party must advance specific facts to create a genuine issue of material fact to avoid summary judgment. F.D.I.C. v. Bell, 106 F.3d at 263.

Further, "[w]here the litigants concurrently pursue summary judgment, each motion must be evaluated independently to determine whether there exists a genuine dispute of material fact and whether the movant is entitled to judgment as a matter of law." St. Luke's Methodist Hosp. v. Thompson, 182 F.Supp.2d 765, 769 (N.D.Iowa 2001).[3]   Therefore, the Court will review the motions independently.

## II. Trustee Pierce's Summary Judgment Motion

Trustee Pierce argues the post-petition transfer of Lot 2 from Pankowski to Nielsen Enterprises LLC should be avoided pursuant to 11 U.S.C. §549.   A transfer "may be avoided under 11 U.S.C. §549(a) if: (1) the subject property was property of the bankruptcy estate; (2) the property was transferred; (3) the transfer was made post-petition; and (4) the transfer was not authorized by the bankruptcy code or the bankruptcy court." Seaver v. New Buffalo Auto Sales, LLC (In re Hecker), 459 B.R. 6, 11 (B.A.P. 8th Cir. 2011) (citing Nelson v. Kingsley (In re Kingsley), 208 B.R.

---

[3] "[T]he filing of cross motions for summary judgment does not necessarily indicate that there is no dispute as to a material fact, or have the effect of submitting the cause to a plenary determination on the merits." Sam's Riverside, Inc. v. Intercon Sols., Inc., 790 F.Supp.2d 965, 975 (S.D.Iowa 2011) (quoting Wermager v. Cormorant Twp. Bd., 716 F.2d 1211, 1214 (8th Cir. 1983)).

918, 920 (B.A.P. 8th Cir. 1997)).

For Trustee Pierce to be successful with this avoidance claim, her action against Nielsen Enterprises LLC must be brought within the statute of limitations period established under 11 U.S.C. §549(d).   An action or proceeding under 11 U.S.C. §549(a) "may not be commenced after the earlier of— (1) two years after the date of the transfer sought to be avoided; or (2) the time the case is closed or dismissed." 11 U.S.C. §549(d).   Pankowski's case was closed on June 22, 2020, and reopened on August 25, 2023.   A Notice of Contract for Sale of Lot 2 was recorded on September 14, 2018, and a Warranty Deed and a Contract for Deed Fulfilment Statement regarding Lot 2 were recorded on June 22, 2021, all with the Custer County Register of Deeds, and all executed by Pankowski to Nielsen Enterprises LLC.   Trustee Pierce filed this adversary proceeding against Nielsen Enterprises LLC on March 15, 2024.   The earlier date established under subsection one or two of 11 U.S.C. §549(d) makes clear this action was commenced well outside the two-year statute of limitations, and Nielsen Enterprises LLC timely raised this affirmative defense.

However, Trustee Pierce claims Nielsen Enterprises LLC's affirmative defense should be dismissed because the statute of limitations is equitably tolled.   The equitable tolling doctrine applies in bankruptcy cases because it "is read into every federal statute of limitation." Manty v. Bougie (In re Bougie), 510 B.R. 606, 610 (Bankr. D.Minn. 2014) (quoting Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946)). Trustee Pierce bears the burden of proving equitable tolling. Kelly-Leppert v. United States, 2018 WL 6566550, at *2 (W.D.Mo. Nov. 9, 2018) (citing Motley v. United States, 295 F.3d 820, 824 (8th Cir. 2002)).   In addition, equitable tolling is used sparingly by federal courts. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

The Trustee must prove two elements to establish equitable tolling: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

5

circumstance stood in his way." <u>Capiz-Fabian v. Barr</u>, 933 F.3d 1015, 1018 (8th Cir. 2019) (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)).   Extraordinary circumstances are limited to those truly beyond the Trustee's control. <u>Id.</u> (citing <u>Hill v. John Chezik Imports</u>, 869 F.2d 1122, 1124 (8th Cir. 1989)).   Put another way, "[e]quitable tolling is appropriate when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim."   <u>Dring v. McDonnell Douglas Corp.</u>, 58 F.3d 1323, 1328 (8th Cir. 1995) (citing <u>Chakonas v. City of Chicago</u>, 42 F.3d 1132, 1135 (7th Cir. 1994)).

However, the Trustee cannot sleep on his or her rights and successfully argue equitable tolling. <u>Capiz-Fabian v. Barr</u>, 933 F.3d at 1018; <u>Habchy v. Gonzales</u>, 471 F.3d 858, 866 (8th Cir. 2006).   Further, large time lapses in this case are significant obstacles for the Trustee to overcome to prove he or she has diligently pursued his or her rights concerning Lot 2. <u>Capiz-Fabian v. Barr</u>, 933 F.3d at 1018.   If the Trustee failed to act diligently, he or she cannot use the doctrine of equitable tolling to excuse his or her lack of diligence. <u>Lee v. Nat'l Home Ctrs., Inc.</u> <u>(In re Bodenstein)</u>, 253 B.R. 46, 50 (B.A.P. 8th Cir. 2000).   In addition, equitable tolling does not apply "to 'garden variety' claims of excusable neglect, and should be invoked only in exceptional circumstances truly beyond the plaintiff's control." <u>Jenkins v. Mabus</u>, 646 F.3d 1023, 1028-29 (8th Cir. 2011) (citation omitted).

Trustee Allred had reasonable notice that Lot 2 was part of Pankowski's bankruptcy estate when Pankowski filed his amended schedules disclosing it on October 13, 2016.   Trustee Allred could have sold Lot 2 or, with a minimal amount of due diligence searching the public record, Trustee Allred could have had notice of the transfer from Pankowski to Nielsen Enterprises LLC as early as September 14, 2018.   Either way, the Trustees delayed acting on Lot 2 for over six years before sending the letter to Nielsen Enterprises LLC in September of 2023, and then starting this action on March 15, 2024.   The Trustees failed to act diligently in their handling of Lot 2.

6

The Trustees have not proven they pursued their rights diligently and that some extraordinary circumstance prevented them from timely filing this adversary proceeding.   The record is void of any acts truly beyond the Trustees' control.   To the contrary, all vital information regarding Lot 2 was in the Trustees' control and Trustee Allred fully administered Lot 2 when he filed his final report on February 27, 2020, and Pankowski's case was closed on June 22, 2020.   It is Trustee Pierce's burden to prove equitable tolling and she has failed to do so.   Therefore, Trustee Pierce's summary judgment motion is denied.

**III. Nielsen Enterprises LLC's Summary Judgment Motion**

Nielsen Enterprises LLC seeks summary judgment dismissing Trustee Pierce's action because the statute of limitations on the claim has run and the claim is time-barred under 11 U.S.C. §549(d).   Based upon the findings of fact and the conclusions of law stated above, Nielsen Enterprises LLC timely raised its statute of limitations defense and met its burden of proving it lapsed.   Therefore, Trustee Pierce's action is time-barred, and Nielsen Enterprises LLC shall be granted summary judgment in its favor.

## CONCLUSION

For the reasons stated herein, Trustee Pierce is not entitled to judgment as a matter of law and her motion shall be denied.   Further, Nielsen Enterprises LLC is entitled to judgment as a matter of law and its motion shall be granted.   The Court will therefore enter orders denying Trustee Pierce's Motion for Summary Judgment, granting Nielsen Enterprises LLC's Motion for Summary Judgment, and directing the entry of judgment for Nielsen Enterprises LLC.

So ordered:   September 19, 2024.

BY THE COURT:

Laura L. Kulm Ask
Bankruptcy Judge

7